■ CHARLES O. HAYNES, Appellant, v. DORR CHURCH, Respondent.— Appeal by plaintiff from an order of the Supreme Court at Special Term which vacated and set aside a replevin of certain personal property. The amended complaint sets forth two causes of action. The first seeks to foreclose a land contract between the parties dated June 1, 1952, which also includes certain cattle and personal property, and the second seeks possession of certain personal property described in an "Agricultural Chattel Mortgage," dated June 1, 1954, a special type of chattel mortgage provided for by chapter 878 of the Laws of 1945. The terms of payment in the "land contract" were one third of the milk check each month with a minimum monthly payment of $75. There was no acceleration clause in the home-drawn contract. The chattel mortgage terms were merely "One-third of the milk check each month until fully paid." The only default alleged which has any bearing on possession of the personal property is the failure to pay the full $75 minimum during three separate months. There is no allegation of default in the terms of the chattel mortgage, and for that reason alone the replevin was properly vacated. The Special Term has held the "Agricultural Chattel Mortgage" void because it was not to secure "funds borrowed" in accordance with the statute cited above. It becomes unnecessary to pass upon the validity of the chattel mortgage because there is no allegation of default in failing to pay one third of the milk check. It may be that plaintiff is technically entitled to possession of some of the property if the retention of title to the personal property in the original land contract be regarded as a conditional sale under article 4 of the Personal Property Law. We do not decide that question because as we view the rather confusing and inconsistent claims in this record the plaintiff is proceeding upon the theory of replevin under the chattel mortgage, and we must decide it upon that theory. Moreover, if the replevin were to be sustained on the conditional sale theory it would be a futile gesture, because under section 78 of the Personal Property Law the property could be redeemed upon the payment of the amount due at the time of taking. It is stated in respondent's brief, without challenge, that such amount has been tendered and refused. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.